THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICKY LYNN DAUGHERTY, Defendant-Appellant.

Fourth District   No. 17388

Opinion filed March 11, 1982.—Rehearing denied March 26, 1982.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Anthony B. Cameron, State's Attorney, of Quincy (Robert J. Biderman and Robert G. Frederick, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE LONDRIGAN delivered the opinion of the court:

Defendant pleaded guilty to criminal damage to property in excess of $150. He was sentenced to two years' probation and ordered to make restitution. After the probation was revoked for the second time, defendant was sentenced to 30 months' imprisonment.

Defendant's attorney gave the factual basis for the plea. He stated that on July 19, 1978, a Volkswagen was left by its owners, Mark and Sandra Edgar, near a reservoir outside of Camp Point, Illinois. Defendant admitted taking a wrecker from his place of employment and removing the vehicle to another location. When the vehicle was found by the police, it was in the lake, had been damaged by fire and had several broken windows.

At the sentencing hearing, defendant testified that he had left the Volkswagen sitting on a hill. The hill was steep with a dirt mound about three feet high at the bottom of the hill. Defendant admitted that on the

night in question he had been drinking heavily and taking medication. The court sentenced defendant to two years' probation and ordered that he make restitution to the victims.

A restitution hearing was held on May 10, 1979. A representative of the Edgars' insurance company testified that the Edgars' vehicle had been in an accident about one month prior to the crime and had been repaired. The car was in excellent condition prior to the crime. He estimated the value of the Volkswagen, prior to the damage incurred, at $4,600. The cost of repairing the car would have exceeded its value. The insurance company paid $4,600 to the Edgars.

Defendant testified that he saw the vehicle at the reservoir outside of Camp Point; the windows of the car were down, and the keys were in the ignition. He moved the vehicle to an area near the Triple S Mine and left it there. He stated that the car had not been damaged by fire and that he did not know whether the car had any dents. He claimed that he did not damage the vehicle nor did he set it on fire.

The insurance representative testified in rebuttal. He testified that he would subtract $1,500 from his company's claim, given defendant's testimony that the broken windows and dents had not been caused by the defendant. The court ordered defendant to make restitution to Economy Fire and Casualty Company in the sum of $1,750.

A petition to revoke probation was filed on January 12, 1981, alleging that defendant had committed the offense of resisting a police officer. Following a hearing on January 23, 1981, the court found that the defendant violated his probation by committing the offense charged. Defendant was sentenced to 18 months' probation with the first four months of that sentence to be served in the county jail.

On May 29, 1981, a petition to revoke probation was filed, alleging that defendant had committed the offense of unlawful possession of less than 2.5 grams of cannabis. Following a hearing held on July 29, 1981, the court found that defendant had violated his probation by committing the offense charged. Defendant was sentenced to 30 months' imprisonment. The trial court further ordered that the "previous restitution order remains in full force and effect."

Defendant argues three points on appeal: (1) the sentence imposed by the trial court amounted to an abuse of discretion; (2) the order of restitution imposed is void because the trial court exceeded its authority in ordering restitution to be paid to the victims' insurance company rather than the victims themselves; and (3) the trial court erred in ordering defendant to pay restitution where the damages were not proximately caused by his acts.

The imposition of a particular sentence by the trial court will not be overturned by a reviewing court absent an abuse of discretion. The trial

court's decision with regard to sentence is entitled to great weight because the trial judge had an opportunity to observe and consider the defendant's credibility, demeanor, mentality and a host of other factors. *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.

The offense of criminal damage to property valued in excess of $150 is a Class 4 felony and is punishable by imprisonment for not less than 1 year and not more than 3 years. Defendant had a record of previous misdemeanor convictions for driving while license suspended and for theft. Defendant committed two other crimes while on probation. After the first offense, resisting a police officer, defendant was resentenced to probation. Four months later he committed another offense for which his probation was revoked a second time.

■■ After examining the record in this case, we conclude that the trial court did not abuse its discretion in sentencing the defendant to 30 months' imprisonment.

Defendant next argues that the trial court exceeded its authority in ordering him to pay restitution to the victims' insurance company. The State argues that defendant failed to raise this point by filing a timely notice of appeal.

The supreme court recently dealt with a similar situation in *In re T.E.* (1981), 85 Ill. 2d 326, 423 N.E.2d 910. Several minors were found to be delinquent, made wards of the court and sentenced to an indefinite term of probation. The minors appealed on the ground that a disposition of probation must be for a definite period of time. The State argued that the minors had failed to file timely notices of appeal and were barred from attacking the judgment.

The supreme court held that a void order may be attacked at any time. Where a court having jurisdiction over the person and the offense charged imposes a sentence in excess of what is authorized by statute, the excess portion of that sentence is void. Thus, the court concluded, the minors could raise the issue of the trial court's authority to impose an indefinite term of probation.

■■ In the present case, defendant argues that the trial court exceeded the authority granted to it under the statute by forcing him to pay restitution to the victims' insurer. This is an attack on the authority of the trial court to enter such an order, as opposed to an attack on the order itself. We conclude that we possess jurisdiction to decide this issue.

Section 5—5—6 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—6) provides that if restitution is ordered as a part of the disposition of the case, "the defendant shall make restitution *to the victim* in accordance with" certain requirements set out in the statute (emphasis added.)

We have been unable to find any Illinois case which speaks directly

to the question of who is a victim under section 5—5—6. In *People v. Wilson* (1980), 87 Ill. App. 3d 544, 408 N.E.2d 1209, the State effectively conceded that the insurance company was not "the victim" as the phrase is used in section 5—5—6. In *People v. Knowles* (1980), 92 Ill. App. 3d 537, 414 N.E.2d 1322, this court upheld an order of restitution directing a convicted arsonist to pay a sum of money in restitution to the college whose dormitories were damaged by his acts. The court stated that the amount in question was payable to the college, not to the residents of the buildings or to insurers.

■■ We choose to follow the implied holding of *Knowles* that an insurance company is not "the victim" within the meaning used in section 5—5—6. To include insurance companies within the protections of section 5—5—6 would significantly broaden the reach of the statute. Such a change is properly a matter requiring legislative, not judicial action. Nothing in this opinion should read to limit the insurance company's right of subrogation with regard to any amount paid to the Edgars by defendant under the order of restitution.

■■ Defendant argues that the trial court erred in ordering him to pay restitution where the damages were not shown to be proximately caused by his actions. We lack jurisdiction to decide this issue. When a defendant fails to file a notice of appeal within 30 days from the date of the original judgment entered on his guilty plea, a reviewing court lacks jurisdiction to examine the judgment except where the judgment is void. (*People v. Stueve* (1977), 66 Ill. 2d 174, 361 N.E.2d 579.) The judgment in this case was void only to the extent that it ordered the defendant to pay restitution to the victims' insurance company instead of to the victims themselves. In all other respects, the judgment entered was within the power conferred on the trial court by statute. Defendant, by failing to file a timely notice of appeal, has lost his right to challenge the amount of money he is required to repay to the victims under the order of restitution.

■■ Under Supreme Court Rule 366 (Ill. Rev. Stat. 1979, ch. 110A, par. 366), this court has the power to "make any order that ought to have been given or made" as the circumstances of the case may require. In the interests of judicial economy, we have elected to modify that portion of the order directing that restitution be made to the Edgars' insurance company instead of remanding it for the circuit court to do so. The judgment of the trial court is hereby modified to provide that defendant shall make restitution to Mark and Sandra Edgar, not to the Edgars' insurance company. The remainder of the judgment of the trial court is affirmed.

Affirmed as modified.

GREEN, P. J., and WEBBER, J., concur.