706 P.2d 611 (1985)
The STATE of Utah, Plaintiff and Respondent,
v.
Edgar STAYER, Defendant and Appellant.
No. 20163.
Supreme Court of Utah.
September 19, 1985.
Barrie A. Vernon, Tooele, for defendant and appellant.
David L. Wilkinson, Salt Lake City, for plaintiff and respondent.
PER CURIAM:
Defendant appeals from a sentence imposed pursuant to a no contest plea to a charge of arson, a third degree felony, in *612 violation of U.C.A., 1953, § 76-6-102 (1978 ed.).
On April 11, 1983, Citizens Bank acquired defendant's home in Stansbury Park through trust deed foreclosure. Four days later, while defendant was in the process of removing the last of his belongings from the home, a fire broke out, causing considerable structural damage to the house. An arson investigation disclosed that two fires had been deliberately set with liquid accelerants. Defendant was charged with arson and aggravated arson and pleaded no contest to the lesser offense. The greater offense was dismissed. On March 27, 1984, defendant filed his petition in bankruptcy. On July 16 of that year, the trial court entered its judgment and order sentencing defendant to 0 to 5 years in the Utah State Prison, but staying execution of the sentence and placing him on probation on certain conditions. One of the conditions imposed was that defendant pay restitution in the amount of $10,477.34 to Farmers Insurance Co. and $12,737.20 to U.S.F. & G., both amounts incurred by the insurance companies in repairing the home for Citizens Bank, their insured. The rate of repayment was to be determined by the Department of Adult Probation and Parole.
The principal issue raised by defendant is whether the trial court exceeded its authority in ordering defendant to reimburse the insurance companies for their loss in compensating Citizens Bank. Defendant claims that the trial court erred in not inquiring into the ability of defendant to make the required restitution, particularly in light of his pending bankruptcy.
It is proper for the court to impose restitution unless upon a hearing in court the defendant objects to its imposition. U.C.A., 1953, § 77-18-1(8) (1982 ed.) (Supp. 1983); § 76-3-201(3)(c) (Supp. 1983). We have no designation of record on appeal and no transcript of the sentencing hearing. We therefore do not know whether defendant objected to the imposition of restitution or whether the trial court failed to inquire into defendant's ability to pay. We must decline to consider the issue since it must be presumed that it is raised for the first time on appeal.
Even if we were to reach the issue, the record before us contains sufficient evidence to support a finding that restitution was appropriate. A presentence investigation report prepared by the Department of Adult Probation and Parole is in the record. That report contains information on defendant's monthly income, computed at $2,500, and monthly expenses totalling $1,420. That information would appear to furnish a proper basis for the trial court's order of restitution.
Defendant's claim that his debt to Citizens Bank was discharged in bankruptcy is without merit. The Utah legislature has declared that restitution imposed in conjunction with a judgment on a criminal offense is considered a debt for "willful and malicious injury" for purposes of exceptions listed to discharge in bankruptcy as provided in title 11, section 523, U.S.C.A.; U.C.A., 1953, § 77-18-1(9) (1982 ed.) (Supp. 1983). Defendant's restitution debt is nondischargeable under the Bankruptcy Code 523(a)(6) because defendant intentionally, willfully, and maliciously committed arson. U.C.A., 1953, § 76-6-102 (1978 ed.); see Aetna Life & Casualty Co. v. Purk, 28 B.R. 234 (Bkrtcy. 1983) (debtor committed waste in violation of mortgage commitment, having set fire to house, and committed willful, intentional, and malicious act; debt was nondischargeable, Bankr.Code, 11 U.S.C.A. § 523(a)(6)).
However, we desire to register a caveat regarding U.C.A., 1953, § 77-18-1(9), which provides:
On a plea of guilty or no contest or conviction of any crime or offense:
... .
(9) Restitution imposed under this chapter is considered a debt for "willful and malicious injury" for purposes of exceptions listed to discharge in bankruptcy as provided in Title 11, Section 523, U.S.C.A.
(Emphasis added.) This subsection may not comport with the Bankruptcy Code. Section 523(a)(6) does not broadly except as nondischargeable a debt for any crime, but *613 only for "willful and malicious injury by the debtor to another entity or to the property of another entity." Bankr.Code, 11 U.S.C.A. § 523(a)(6). See United Bank of Southgate v. Nelson, 35 Bankr.Rep. 766 (D.C. 1983); In the Matter of Simmons v. Simmons, 17 Bankr.Rep. 259 (Bkrtcy. 1982).
The Bankruptcy Act of 1898 excepted from discharge "liabilities for willful and malicious injuries to the person or property of another." § 17(a)(8), as amended, formerly 11 U.S.C. § 35(a)(8). In Tinker v. Colwell, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904), the Supreme Court held as nondischargeable under this provision a husband's recovery of damages in state court against the bankrupt defendant for adultery committed with the plaintiff's consenting wife. Some courts subsequently interpreted the Supreme Court's rationale to mean that conduct manifesting reckless disregard for the rights of others and causing damage resulted in nondischargeable liability for "willful" injury within the meaning of section 17(a)(8).
Nevertheless, by replacing section 17(a)(8) of the former act with section 523(a)(6) of the 1978 code, Congress expressly intended to overrule legislatively the reckless disregard test for nondischargeability. The new statutory language excepts from discharge a debt only "for willful and malicious injury by the debtor to another." § 523(a)(6). Both the House and the Senate reports on versions containing identical language explained that section 523(a)(6) excepted from dischargeability debts for willful and malicious injury by the debtor and that "[u]nder this paragraph, `willful' means deliberate or intentional. To the extent that Tinker v. Colwell held that a less strict standard is intended and to the extent that other cases have relied on Tinker to apply a `reckless disregard' standard, they are overruled." H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 365 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6320-21; S.Rep. No. 95-989, 95th Cong., 1st Sess. 79 (1978), reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5865.
As summarized by a leading treatise, the effect of the provision of the 1978 code is:
In order to fall within the exception of section 523(a)(6), the injury to an entity or property must have been willful and malicious. An injury of an entity or property may be malicious injury within this provision if it was wrongful and without just cause or excessive, even in the absence of personal hatred, spite or ill-will. The word "willful" means "deliberate or intentional," a deliberate and intentional act which necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury.
3 Collier on Bankruptcy § 523.16, at 523-118 (15th ed. 1983).
In the instant case, restitution imposed in conjunction with defendant's conviction and sentence for arson is a debt for "willful and malicious injury" for purposes of exceptions discharged in bankruptcy. However, although correct in this fact situation, we express concern that the sweep of section 77-1-8(9) may be too broad in other contexts.
Finally, defendant claims that there was "no direct victim" in this case, where the bank had been reimbursed by the insurance companies and the trial court improperly allowed the insurance companies to subrogate their nonexisting right of collection in the state court. We have just stated that defendant's debt was not dischargeable. Apart from that, it should be noted that a "victim" is a person who the court determines has suffered pecuniary damages as a result of the defendant's criminal activities. U.C.A., 1953, § 76-3-201(4)(d) (1978 ed.) (Supp. 1983). A "person" may be an individual, a public or private corporation, a government, a partnership, or an unincorporated association. Id., § 76-1-601(5). In line with those definitions, the trial court properly ascertained the insurance companies as defendant's victims.
Although defendant has not raised the matter, our review of the record indicates that the order does not reflect the reasons for the trial court's decision to order restitution. Under the relevant statute, *614 if the court determines that restitution is either appropriate or inappropriate, it shall make the reason for the decision "a part of its written order." U.C.A., 1953, § 76-3-201(3)(a) (1978 ed.) (Supp. 1983).
In the case before us, there is ample record evidence, from which the trial court could have found that restitution was proper. Notwithstanding the mandate of the statute that the trial court's reasons be included as part of its order, we believe that the failure to do so in this case was harmless error. Nonetheless, we draw attention to this requirement for future guidance of the sentencing courts.
Defendant's sentence is affirmed in all respects.