579 N.E.2d 409 (1991)
219 Ill. App.3d 13
161 Ill.Dec. 861
In re D.R., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
D.R., Respondent-Appellant).
No. 2-89-0773.
Appellate Court of Illinois, Second District.
September 19, 1991.
G. Joseph Weller, Deputy Defender, Sherry R. Silvern, Office of the State Appellate Defender's, H. Sue Price, for D.R.
Gary V. Johnson, Kane County State's Atty., Geneva, William L. Browers, Deputy Director, Marshall M. Stevens, State's Attys. Appellate Prosecutors, Elgin, for the People.
Justice GEIGER delivered the opinion of the court:
The minor, D.R., appeals from an order placing her on supervision pursuant to section 5-19 of the Juvenile Court Act of 1987 (Juvenile Court Act). (Ill.Rev.Stat.1989, ch. 37, par. 805-19.) The minor argues on appeal that the trial court improperly ordered her to pay, as part of her conditions for supervision, restitution for the lost wages incurred by the victim's mother. The minor contends that the victim's mother is not a "victim" under either section 5-5-6 of the Unified Code of Corrections (Ill. Rev.Stat.1989, ch. 38, par. 1005-5-6), or under section 3(a) of the Bill of Rights for Victims and Witnesses of Violent Crime Act (the Act) (Ill.Rev.Stat.1989, ch. 38, par. 1403(a)).
On March 31, 1989, the State filed a petition for adjudication of delinquency and wardship against the minor alleging that she had committed the offense of aggravated battery in violation of section 12-4(a) of the Criminal Code of 1961 (Ill.Rev.Stat. 1989, ch. 38, par. 12-4(a)). A hearing was held in which the minor was to admit to the facts surrounding the complained-about incident in return for an agreed-upon term of supervision. During the hearing, however, the minor decided not to make an admission, but did stipulate that the prosecution would be able to present sufficient evidence to support a finding of responsibility.
The State recited that it would be able to present evidence that on January 20, 1989, the minor sprayed mace into the eyes of *410 Juan Herrera on a school bus en route to Carpentersville Middle School. The State also listed witnesses it would call to provide this evidence. The defense offered no evidence.
Based on the stipulation, the trial court found that there was a sufficient basis to find the minor delinquent, but specifically held that it was withholding a determination of the issue pending the minor's completion of 12 months of supervision. The court's written order in part stated:
"Minor will stipulate that if the State proceeded with a hearing the evidence would support a finding of guilt that minor committed the Aggravated Battery by spraying mace into the face of Juan Herrera on or about January 20, 1989 at approximately 8 AM [sic] while on a school bus headed to Carpentersville Middle School in Kane County, Illinois. Minor is placed on pre-adjudicatory supervision."
The conditions of the minor's supervision included 15 hours of community service, the payment of her legal fees, and a nonassociation order concerning Juan Herrera. The trial court reserved, however, the determination of restitution and instead set the date of July 26, 1989, as the date for the restitution hearing.
During the restitution hearing, the trial court heard evidence that after the incident Juan Herrera went to the hospital where his eyes were washed out and examined. There it was determined that Juan needed glasses. The minor disputed the cost of the glasses since there was evidence that Juan's eye problems were a preexisting condition.
Mrs. Herrera testified that insurance covered the hospital bill, but not the cost of the glasses. The trial court heard further evidence concerning the cost of Mrs. Herrera's interpreter and the amount of Mrs. Herrera's lost wages as a result of attending Juan in the hospital and for the two days she came to court. The court ordered restitution in the amount of $182.60, which was equivalent to the 22 hours of lost wages incurred by Mrs. Herrera. At the time the court entered its order of restitution, it noted that all prior orders remained in effect and the matter was continued until June 20, 1990.
Defendant contends on appeal that the trial court erred in awarding, as restitution, the amount of Mrs. Herrera's lost wages because she is not a victim under Illinois Law.
We first note that the State has argued that the minor has waived this issue on appeal for failure to object to the imposition of the restitution order in the trial court. While the minor did not specifically object to the order of restitution at the time the trial court ordered restitution, during the evidentiary hearing to determine the amount of restitution, the minor did object to the testimony of the minor's mother concerning her lost wages.
In In re V.L.F. (1988), 174 Ill.App.3d 930, 124 Ill.Dec. 492, 529 N.E.2d 312, the court held that where the minor was claiming that the trial court lacked authority to order restitution, the minor's argument was not waived. (V.L.F., 174 Ill.App.3d at 933, 124 Ill.Dec. 492, 529 N.E.2d 312.) Also, because it may be argued that the minor is contending that the trial court exceeded its authority under the restitution statute by awarding restitution to a person who is not considered a victim under the statute, the order may be considered void and attacked at any time. People v. Daugherty (1982), 104 Ill.App.3d 89, 59 Ill.Dec. 807, 432 N.E.2d 391; see also In re T.E. (1981), 85 Ill.2d 326, 53 Ill.Dec. 241, 423 N.E.2d 910; People v. Winchell (1986), 140 Ill.App.3d 244, 94 Ill.Dec. 621, 488 N.E.2d 620; People v. Evans (1984), 122 Ill.App.3d 733, 78 Ill.Dec. 50, 461 N.E.2d 634.
However, we note that it can be implied from the record that the minor agreed to pay restitution as part of her agreement for supervision. In People v. Early (1987), 158 Ill.App.3d 232, 110 Ill.Dec. 670, 511 N.E.2d 847, the appellate court held that where a trial court enters an order of restitution based on the defendant's invitation to do so, the issue is waived for the purposes of appeal. (158 Ill.App.3d at 240, 110 Ill.Dec. 670, 511 N.E.2d 847.) "Where a defendant invites the trial court to act in a *411 certain manner, he may be precluded from arguing that conduct was improper on appeal." (158 Ill.App.3d at 240, 110 Ill.Dec. 670, 511 N.E.2d 847.) Here, however, because the minor did not agree to a specific amount of restitution, and because the restitution issue was initially reserved by the prosecutor because he was unsure if restitution was actually necessary, we do not find the issue waived as there was no clear indication from the record of what was agreed to as terms of restitution.
Both section 5-19(5)(o) and section 5-24(2)(1) of the Juvenile Court Act of 1989 (Ill.Rev.Stat.1989, ch. 37, pars. 805-19(5)(o), 805-24(2)(1)) allow a trial court to award restitution as a condition of either supervision or probation. That award of restitution is subject to the provisions of section 5-23(4) of the Juvenile Court Act (Ill.Rev. Stat.1989, ch. 37, par. 805-23(4)). Section 5-23(4) states that restitution is to be awarded pursuant to the provisions of section 5-5-6 of the Unified Code of Corrections (Ill.Rev.Stat.1989, ch. 38, par. 1005-5-6). Section 5-5-6 authorizes the payment of restitution to victims in criminal cases. (People v. Gaytan (1989), 186 Ill.App.3d 919, 928, 134 Ill.Dec. 656, 542 N.E.2d 1163.) Except in certain cases involving victims 65 years of age or older, the entry of an order of restitution is discretionary with the trial court. People v. Strebin (1991), 209 Ill. App.3d 1078, 1085, 154 Ill.Dec. 420, 568 N.E.2d 420.
Section 5-5-6(b) states that "the court shall assess the actual out-of-pocket expenses, losses, damages, and injuries suffered by the victim named in the charge and such other victims who may also have suffered out-of-pocket expenses, losses, damages, and injuries proximately caused by the same criminal conduct of the defendant." (Emphasis added.) (Ill.Rev.Stat. 1989, ch. 38, par. 1005-5-6(b).) The term "victim" is defined in section 5-1-22 of the Unified Code of Corrections (Ill.Rev.Stat. 1989, ch. 38, par. XXXX-X-XX) and provides that the word "`[v]ictim' shall have the meaning ascribed to it in subsection (a) of Section 3 of the * * * Act [(Ill.Rev.Stat.1989, ch. 38, par. 1403(a))]." Ill.Rev.Stat.1989, ch. 38, par. XXXX-X-XX.
Section 3(a) of the Act provides:
(a) "`Victim' means (1) a person physically injured in this State as a result of a violent crime perpetrated or attempted against that person or (2) a person who suffers injury to or loss of property as a result of a violent crime perpetrated or attempted against that person or (3) the spouse, parent, child or sibling of a person killed as a result of a violent crime perpetrated against the person killed or the spouse, parent, child or sibling of any person granted rights under this Act who is physically or mentally incapable of exercising such rights, except where the spouse, parent, child or sibling is also the defendant or prisoner or (4) any person against whom a violent crime has been committed or (5) any person who has suffered personal injury as a result of a violation of Section 11-501 of The Illinois Vehicle Code, or of a similar provision of a local ordinance, or of Section 9-3 of the Criminal Code of 1961, as amended." Ill. Rev.Stat.1989, ch. 38, par. 1403(a).
We acknowledge the benefit of a concerned parent's presence when her child receives hospital attention or when he is appearing in court. Additionally, we acknowledge that a parent who accompanies her child to such places experiences a burden in schedule disruption and associated costs. Nevertheless, we must find that the court lacked authority to award restitution to Mrs. Herrera.
Despite the fact that any concerned parent is herself victimized when her child is the victim of criminal conduct, the statute that creates the right to recover "victim" restitution gives a technical definition of the category of "victims" entitled to recover lost wages. It is a legislative function to define statutorily the category of persons entitled to receive statutory reimbursement. We find that Mrs. Herrera is not covered under that section 3(a) definition of the Act. She is not a person against whom a violent crime was committed and has not suffered physical injury or property damage as a result of a violent crime perpetrated or attempted against her. See Ill.Rev.Stat. ch. 38, pars. 1403(a)(1), (a)(2), (a)(4), (a)(5).
The only possible statutory definition of "victim" that might apply to Mrs. Herrera *412 is section 3(a)(3) of the Act, which defines a "victim" as any "parent * * * of any person granted rights under this Act who is physically or mentally incapable of exercising such rights." (Ill.Rev.Stat.1989, ch. 38, par. 1403(a)(3).) Here, however, there was no evidence that a physical or mental incapacity rendered Juan incapable to receive proper medical care at the hospital or to appear in court to testify.
The record contains no testimony that Mrs. Herrera was required to be at the hospital because of some physical or mental incapacity of her son. Further, as to Mrs. Herrera's presence in court, we again find that there was no evidence that her presence was due to any mental or physical incapacity related to Juan. We find that the trial court abused its discretion in ordering restitution for Mrs. Herrera's lost wages. (See People v. Nicholl (1991), 210 Ill.App.3d 1001, 1013-14, 155 Ill.Dec. 423, 569 N.E.2d 604.) We therefore remand this cause for a new hearing on restitution.
The decision of the circuit court of Kane County is reversed, and the cause is remanded for further proceedings.
Reversed and remanded.
INGLIS and BOWMAN, JJ., concur.