STATE of Utah, Plaintiff and Appellee,

v.

Jana WESTERMAN, Defendant and Appellant.

No. 960721–CA.

Court of Appeals of Utah.

Sept. 18, 1997.

E. Neal Gunnarson, Salt Lake Dist. Atty., and Stephen Mercer, Deputy Salt Lake Dist. Atty., Salt Lake City, for Plaintiff–Appellee.

Matthew G. Nielsen, Salt Lake Legal Defender Ass'n, Salt Lake City, for Defendant–Appellant.

Before DAVIS, P.J., and BILLINGS and JACKSON, JJ.

## OPINION

BILLINGS, Judge:

Defendant Jana Westerman appeals the lower court's order of restitution in favor of Farmers Insurance Group (Farmers) imposed after she pleaded guilty to driving under the influence, a class B misdemeanor, in violation of Utah Code Ann. § 41–6–44 (Supp.1996). We reverse and vacate the order of restitution to Farmers.

## FACTS

On February 14, 1996, Westerman pulled out of a convenience store parking lot and struck a vehicle driven by Jennifer Doi, who was injured. Westerman was charged with driving under the influence and causing an injury accident, a class A misdemeanor; unlawful possession of drug paraphernalia, a class B misdemeanor; driving without insurance, a class B misdemeanor; and possession of an open alcoholic beverage container in a vehicle, a class C misdemeanor. As a result of plea bargaining, Westerman pleaded guilty to driving under the influence, a class B

misdemeanor, in violation of Utah Code Ann. § 41–6–44 (Supp.1996).

Because Westerman was uninsured at the time of the accident, Doi's insurance company, Farmers, paid a total of $38,643.59 on the claim Doi filed as a result of the accident; Doi paid a $500 deductible to Farmers. At Westerman's sentencing hearing on September 25, 1996, counsel for Westerman told the trial court that Westerman agreed she should pay $500 restitution to Doi for the deductible Doi paid to Farmers. However, counsel argued that determination of any additional liability should be left to a civil proceeding. The court denied that request and ordered Westerman to pay the full restitution amount of $38,643.59 to Farmers.

At Westerman's request, the court subsequently held a restitution hearing. The State presented evidence at the hearing documenting the $38,643.59 Farmers paid on Doi's claim. Counsel for Westerman objected to the restitution order to Farmers on the ground that an insurance company is not a victim as defined in Utah's restitution statute.

## ANALYSIS

We will not vacate an order of restitution unless the trial court abused its discretion or exceeded its authority. *State v. Robinson*, 860 P.2d 979, 980 (Utah Ct.App. 1993); *State v. Twitchell*, 832 P.2d 866, 868 (Utah Ct.App.1992). However, if the trial court's order is premised on statutory interpretation, as it is here, we afford the trial court's interpretation no deference and review for correctness. *See Ward v. Richfield City*, 798 P.2d 757, 759 (Utah 1990).

Westerman claims the trial court erred in ordering her to pay restitution to Doi's insurance company because an insurance company is not a victim under Utah's restitution statute.[1] We begin our analysis by examining the plain language of the applicable statutes and apply other methods of statutory interpretation only when the language is either ambiguous or inconsistent.

---

**1.** Although Westerman raises other alleged errors, we do not reach them because of our dispo-

sition on this issue.

*See O'Keefe v. Utah State Retirement Bd.*, 929 P.2d 1112, 1115 (Utah Ct.App.1996), *cert. granted*, 939 P.2d 683 (Utah 1997). When examining a statute's plain language, we strive to give meaning to each section of the statute in order to give effect to all of the statute's terms. *See id.* Only if doubt remains do we " 'analyze the act in its entirety and harmonize its provisions in accordance with the legislative intent and purpose.' " *Id.* (quoting *In re Worthen*, 926 P.2d 853, 866 (Utah 1996)).

Utah's restitution statute includes two separate definitions of "victim." The first definition appears in subsection (1), the general definitional section, and defines "victim" as "any person whom the court determines has suffered pecuniary damages as a result of the defendant's criminal activities." Utah Code Ann. § 76–3–201(1)(e)(i) (Supp.1996). The Utah Supreme Court has previously interpreted the meaning of "victim" under this section to include an insurance company that has covered the direct victim's losses. *See State v. Stayer*, 706 P.2d 611, 613 (Utah 1985) (per curiam).

■ The second definition of "victim," on which Westerman relies, was added to subsection (4)(a)(i) by the 1995 Legislature, *see* Act of May 1, 1995, ch. 301, sec. 1, § 4(a)(i) 1995 Utah Laws 1023, 1023, and thus was not considered by the *Stayer* court. The applicable portion of that subsection reads:

> When a person is convicted of criminal activity that has resulted in pecuniary damages ... the court shall order that the defendant make restitution to victims of crime as provided in this subsection.... *For purposes of restitution, a victim has the meaning as defined in Section 77–38–2.*

Utah Code Ann. § 76–3–201(4)(a)(i) (Supp. 1996) (emphasis added). Section 77–38–2 defines victim as

> *any person against whom the charged crime or conduct is alleged to have been perpetrated or attempted by the defendant or minor personally or as a party to the offense or conduct,* or, in the discretion of the court, against whom a related crime or act is alleged to have been perpetrated or attempted.

*Id.* § 77–38–2(9)(a) (Supp.1996)[2] (emphasis added). Under this subsection a court must order restitution to the person or persons against whom the defendant perpetrated the crime. For example, if the victim of a rape suffered pecuniary damages, the court must order the rapist to pay restitution to the rape victim. Under the plain language defining "victim" in subsection (4)(a), an insurance company which has merely covered the victim's losses is not a victim since the crime was not perpetrated against the insurance company *personally or as a party.* Thus we are faced with two conflicting definitions of victim, one where an insurance company is a victim and the other where it is not.

■ The pre–1995 definition of victim relied upon by the court in *Stayer* is part of a general definitional section applicable to the entire section dealing with subjects broader than just restitution. The more recent definition, however, specifically addresses when and to whom restitution should be made. It is a well-established rule of statutory construction that if two provisions address the same subject and one provision is general while the other is specific, the specific provision controls. *See Dairyland Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 882 P.2d 1143, 1146 (Utah 1994). Section 76–3–201 specifically states that the definition of victim it references is applicable "[f]or purposes of restitution." Utah Code Ann. § 76–3–201(4)(a)(i) (Supp.1996). Thus, the specific definition of victim controls in determining to whom restitution may be awarded.

■ Additionally, we must read the 1995 amendment defining "victim" with the presumption that our Legislature knew the *Stayer* court had previously interpreted "vic-

**2.** Effective May 5, 1997, the Legislature added the term "natural" before "person" to the above definition. *See* Rights of Crime Victims Act, ch. 103, sec. 1, § (9)(a), 1997 Utah Laws. The Legislature had deleted the word "natural" before "person" in 1996, sec. 4, effective in April. *See* Rights of Crime Victims Act, ch. 241, § (9)(a), 1996 Utah Laws 1085, 1085. Thus, for a brief period—during which time Westerman was sentenced—"natural" did not modify "person" in the above definition of victim.

tim" within the restitution statute to include insurance companies which paid for direct victims' losses. When a court interprets an amendment

> [t]he legislature is presumed to know the prior construction of terms in the original act, and *an amendment substituting a new term or phrase for one previously construed* indicates that the judicial or executive construction of the former term or phrase did not correspond with the legislative intent and a different interpretation should be given the new term or phrase.

1A Norman J. Singer, *Sutherland Statutory Construction* § 22.30, at 266–67 (5th ed.1993) (emphasis added). While the Legislature in this case did not substitute the new definition of "victim" for the old, it did add a new, more specific definition that contravenes the *Stayer* definition. Thus we must presume the Legislature amended section 76–3–201 by defining "victim" so that an insurance company which has compensated a victim for her damages may not be awarded restitution.[3]

We have found authority from other jurisdictions of limited assistance as the cases involve statutes with language different from Utah's. The most similar case, in which the court faced a specific, narrow definition of "victim," is *State v. Gardiner*, 127 Idaho 156, 898 P.2d 615 (1995). In refusing to find that an insurer may be a victim for purposes of restitution, the *Gardiner* court reasoned:

> We note ... the specificity with which the legislature has defined "victim." According to the statute, one entitled to restitution must either be 1) a person or entity named in the complaint, information or indictment who suffers economic loss or injury as a result of the defendant's actions; 2) the immediate family of a minor; 3) the immediate family of the actual victim in homicide cases; or 4) a health care provider who has provided medical treatment to a victim.... The legislature provided an express list of those people and entities entitled to restitution and clearly did not include insurers or "service providers"....

*Id.* at 624. While Utah's definition of "victim" is not as narrow as the one the *Gard-*

*iner* court addressed, we too are faced with a definition that cannot reasonably be read to include insurance companies. *See also People v. King*, 648 P.2d 173, 174–75 (Colo.Ct. App.1982) (holding under statute directing that "defendant make restitution to the victim of his conduct," "victim" refers to "party immediately and directly aggrieved by the criminal act, and not to others who suffer loss because of some relationship, contractual or otherwise, to the directly aggrieved party"), *superseded by statute, cf. People v. Phillips*, 732 P.2d 1226, 1229 (Colo.Ct.App. 1986); *People v. Daugherty*, 104 Ill.App.3d 89, 59 Ill.Dec. 807, 810, 432 N.E.2d 391, 394 (1982) (reasoning that when statute directed payment "to the victim" allowing payment to insurance company "would significantly broaden the reach of the statute"), *superseded by statute, cf. People v. Bier*, 210 Ill. App.3d 1, 154 Ill.Dec. 443, 445, 568 N.E.2d 443, 445 (1991); *Montgomery v. State*, 292 Md. 155, 438 A.2d 490, 493 (1981) (holding that because "victim" was undefined in statute and no legislative history was found, the term "does not include third party payors, such as private insurance companies"), *superseded by statute as stated in Spielman v. State*, 298 Md. 602, 471 A.2d 730, 732 (1984); *Hewitt v. State*, 113 Nev. 387, 936 P.2d 330, 332 (1997) (concluding that when "victim" was not defined in statute, the term connotes passivity in that harm is unexpected and insurer cannot "be said to have suffered an unexpected harm or financial loss"); *State v. Getsinger*, 27 Or.App. 339, 556 P.2d 147, 148 (1976) (holding that because statute directed restitution to "aggrieved party" reparation must be limited to party "who initially suffers loss"), *superseded by statute as stated in State v. Divers*, 51 Or.App. 351, 625 P.2d 681, 682–83 (1981); *Commonwealth v. Galloway*, 302 Pa.Super. 145, 448 A.2d 568, 577 (1982) (holding that statute defining "victim" as person suffering injuries "directly resulting from the crime" excluded insurer because its claim payment was not a loss but "merely a contractual obligation"), *superseded by statute as stated in Commonwealth v. Layhue*, 455 Pa.Super. 89, 687 A.2d 382, 384 (1996); *State v. Fryer*, 496 N.W.2d 54, 55 (S.D.1993) (rul-

---

3.  We have found no legislative history bearing upon the 1995 amendment defining "victim."

ing that plain meaning of " 'victim' does not include insurance companies that suffer indirect damages because they pay their insured's claims"), *superseded by statute as stated in State v. Galligo,* 551 N.W.2d 303, 303 (S.D.1996); *State v. Webb,* 151 Vt. 200, 559 A.2d 658, 660 (1989) (concluding statute ordering restitution paid "to the victim to compensate for damages to the victim's property or person" would be unintelligible if construed to include victim's insurer).

Although the result is troublesome,[4] we are constrained to interpret the meaning of "victim" within the plain language of the 1995 amendment and conclude that an insurance company is not a victim as defined in section 76–3–201. Given the recently enacted, restrictive definition of victim, we cannot conclude our Legislature intended insurers to receive restitution.[5] We therefore reverse and vacate the order of restitution to Farmers.

## CONCLUSION

We conclude that under the plain language of section 76–3–201(4)(a)(i) (Supp.1996) of the Utah Code, an insurance company is not a victim for purposes of restitution. Accordingly, we vacate the $38,643.59 restitution order to Farmers.

DAVIS, P.J., and JACKSON, J., concur.

---

**4.** We note the sentiments of the New Mexico Court of Appeals which concluded that to find an insurance company was not a victim for purposes of restitution was repugnant to the goal of restitution:

> The reason for allowing restitution against a criminal defendant is not solely to make the victim of the crime whole again, but also to remind a defendant of his wrongdoing and to require him to repay the costs society has incurred as a result of his misconduct. These reasons are equally valid when an insurance company has been required to pay a claim because of Defendant's activities. If we were to interpret the restitution [statute] as narrowly

as Defendant urges, the trial court would be allowed to find that the direct victim of the crime, fully reimbursed by an insurance company, has not suffered any economic loss, thereby precluding an order for restitution at all. We believe such a narrow interpretation would improperly limit the purposes of requiring payment of restitution.

*State v. Brooks,* 116 N.M. 309, 862 P.2d 57, 64 (1993) (citations omitted), *rev'd in part on other grounds,* 117 N.M. 751, 877 P.2d 557 (1994).

**5.** We note that if our Legislature did not intend the result we reach today, it may, as several other states' legislatures have, *see supra,* enact remedial legislation.