No. 20851.

Ted Bach, Commissioner, et al., *v.*
John M. Schooley, etc.
(392 P.2d 649)

Decided May 18, 1964.    Rehearing denied June 22, 1964.

Mr. James W. Heyer, for plaintiffs in error.

Mr. Max P. Zall, City Attorney, Mr. Lloyd K. Shinsato, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS writ of error pending before this court has as the named defendant in error one "John M. Schooley, as Manager of Safety and Excise of the City and County of Denver, a municipal corporation." As of this date, however, the said John M. Schooley is the former Manager of Safety. He resigned his office on June 30, 1963. No motion to substitute his successor in office as the defendant in error has been filed herein within six months from the date of Schooley's resignation, nor within six months from July 3, 1963, when writ of error issued out of this court, nor to date. This has been called to our attention by motion to dismiss the writ of error. The court record here also discloses that the summons to hear error was never served on Mr. Schooley.

In R.C.P. Colo. 25 (d) it is provided:

"Public Officers; Death or Separation from Office. When any public officer is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it. Substitution pursuant to this rule may be made when it is shown by supplemental pleading that the successor of an officer adopts or continues or threatens to adopt or continue the action of his predecessor. Before a substitution is made, the party or officer to be affected, unless expressly assenting thereto, shall be given reasonable notice of the application therefor and accorded an opportunity to object."

As was said by the court in *Bowles v. Wilke,* 175 F. (2d) 35, in commenting on this rule as then existing

32

in the Federal court — identical with the Colorado rule — "* * * we are not justified in saying that the six months substitution provision was intended as a gesture of futility. The rule clearly applied, it was not complied with, and so the action abated." (Certiorari denied 338 U.S. 861, 70 S.Ct. 104, 94 L.Ed. 528.)

We make the further observation that the rule is not ambiguous. It requires an affirmative showing which will satisfy the court that there is need for continuing and maintaining the cause; it prescribes that the action must be taken within the time limit set forth therein (6 months); it states there must be an allegation that the successor in office "adopts or continues or threatens to adopt or continue the action of his predecessor"; it provides for opportunity by the successor in office to resist the attempt to substitute him in the cause. In the face of all of this it cannot be said that substitution of the successor is automatic or that the office and not the office holder is subject to the jurisdiction of the court or that the City and County of Denver is the real party in interest, all as contended for by plaintiffs in error. See *U.S. ex rel. Trinler v. Carusi,* 168 F.2d 1014; *Bowles v. Wilke,* supra.

Counsel for plaintiffs in error in his brief concedes the Federal decisions clearly require abatement and dismissal, but argues that to be consistent we must follow the decisions in their entirety and not only dismiss here but remand the cause to the district court with directions to dismiss the action therein as well. This is contrary to the procedure in Colorado. Although we adopted the Federal 25 (d) in toto, we must apply the rule to our procedures, which are not similar to Federal appellate review. In Colorado review is by writ of error and not by appeal as in the Federal court. Writ of error in this court is a new proceeding and not a continuation of the suit in the trial court. Dismissal here disposes of the writ of error only and leaves undisturbed the judg-

ment in the trial court. *Moreau v. Buchholz,* 124 Colo. 302, 236 P.2d 540.

The writ of error is dismissed.