*359 Opinion by
Mr. Chief Justice McWilliams.
Gilliland filed in the Denver District Court a petition for a writ of habeas corpus, naming therein as respondent one Alfred L. Capra, the then Manager of Safety and Excise and ex-officio sheriff of the City and County of Denver. After hearing, the trial court denied the petition on the ground that Gilliland was then being detained ón a valid Governor’s warrant based on a proper request from California authorities. By this writ of error Gilliland seeks reversal of the judgment dismissing his petition.
As above indicated, the petition was directed against Capra, the then Manager of Safety and Excise and ex-officio sheriff for the City and County of Denver. Later, on motion filed in this Court, Gilliland obtained an order of this Court whereby McClearn was substituted for Capra as the defendant in error, McClearn having succeeded Capra as Manager of Safety and Excise and ex-officio sheriff for the City and County of Denver. It is agreed that McClearn has since resigned as manager of safety and excise, and that he was succeeded in that office by Howard K. Phillips. After serving approximately one year Phillips has now also resigned and he in turn was succeeded by William L. Koch, who is now serving as Manager of Safety and Excise and ex-officio sheriff for the City and County of Denver.
Despite the fact that McClearn has long since resigned as Manager of Safety and Excise and ex-officio sheriff for the City and County of Denver, there has been no further substitution of parties. Such then being the case, the present writ of error must now be dismissed for failure to comply with R.C.P. Colo. 25(d). See Wildenstein v. Stills, 156 Colo. 96, 396 P.2d 969; Ray v. Schooley, 156 Colo. 33, 396 P.2d 730; and Bach v. Schooley, 155 Colo. 30, 392 P.2d 649.
Though this writ of error is to be dismissed, we would state that the result would be the same even had there been a timely substitution. Under the rule of Velasquez *360 v. People, 154 Colo. 284, 389 P.2d 849 and Travis v. People, 135 Colo. 141, 308 P.2d 997 the judgment of the trial court would have to be affirmed if we were to resolve the controversy on its merits.
Writ of error dismissed.
Mr. Justice Hodges, Mr. Justice Kelley and Mr. Justice Groves concur.