510 P.2d 1099

Nancy GARCIA, and all other persons similarly situated, Plaintiff and Appellant,

v.

Evan E. JONES, Jr., Director, State Division of Family Services, et al., Defendants and Respondents.

No. 12944.

Supreme Court of Utah.

June 4, 1973.

1.  22 Utah 2d 77, 448 P.2d 901 (1968).

David S. Dolowitz, of Salt Lake County Bar Legal Services, Salt Lake City, for plaintiff-appellant.

Vernon B. Romney, Atty. Gen., Grant S. Kesler, Asst. Atty. Gen., Salt Lake City, for defendants-respondents.

CALLISTER, Chief Justice:

Petitioner filed a petition for a writ of mandamus in the district court to compel the State Division of Family Services to calculate her public assistance grant according to law. Both parties moved for summary judgment; respondents prevailed, and petitioner appeals therefrom.

Petitioner, the mother of four children, is the recipient of public assistance through the program of aid to families with dependent children (AFDC). She has procured part time work as a paraprofessional assistant in the office of the Salt Lake County Bar Legal Services, Inc. This dispute involves certain claimed expenses which she asserts that she is entitled to deduct in determining her net income and the method by which her grant of assistance should be calculated. Prior to the inception of this action, petitioner presented her claims to the Board of Family Services, upon hearing, an adverse determination was rendered by the Board.

In this proceeding, the district court, of course, had the authority to issue a writ in the nature of mandamus; however, the purpose of the writ has been confined by decisional law, as reflected in the literal wording of Rule 65B(b)(3), U.R.C. P.:

Where the relief sought is to compel any inferior tribunal, or any corporation, board or person to perform an act which

the law especially enjoins as a duty resulting from an office, trust or station . . .[1]

To be entitled to the issuance of the writ, petitioner had to prove that the State Division of Family Services had a clear statutory duty to perform certain acts and refused to do so.

. . . Mandate does not lie unless the relator or petitioner shows a clear legal right to the performance of the act demanded and a plain duty of the officer, board, or other tribunal to perform as demanded, and where the duty to perform the act is doubtful, or where a discretion is imposed or involved in the performance of it, mandate ordinarily will not compel the performance of it in a particular way or manner. . . .[2]

Petitioner's first claim involves her statutory right to deduct from her income, prior to the determination of her assistance grant, certain grooming and dressing expenses. She calculates these expenses at $29 per month, apportioning the sum to the following: $8, nylons; $2, hair spray; $3, makeup; $4, cleaning costs for clothes; $5 for lingerie; $7, material for making dresses.

A review of the cited state and federal law indicates that the legislative branch provided a general statutory standard of any expenses reasonably attributable to the earning of any such income. In effectuating this general legislative policy, the administrative agencies must exercise some discretion and judgment in classifying the *type* of work-related expenses subject to the statutory deduction.

In the instant action, petitioner's claim is analogous to that urged in Tuttle v. Board of Education of Salt Lake City,[3] wherein the petitioners demanded that the board prepare a specific type of budget including main classifications and subdivisions. This court observed that in making a budget, some discretion and judgment was imposed on the board, for the statute did not prescribe the kind of classification of titles and accounts that was to be made. This court stated that to compel the board to make a particular kind of budget or to direct what details are to be stated would be of doubtful propriety. This court declined to compel the board to make a particular character of budget.

■ Petitioner has neither established that she had a clear legal right to have her

1. Archer v. Utah State Land Board, 15 Utah 2d 321, 323, 392 P.2d 622 (1964); Cope v. Toronto, 8 Utah 2d 255, 257, 332 P.2d 977 (1958).

2. Tuttle v. Board of Education of Salt Lake City, 77 Utah 270, 285, 294 P. 294, 300 (1930); also see Haslam v. Morrison, 113 Utah 14, 190 P.2d 520 (1948); Street v. Fourth Judicial District Court, Utah County, 113 Utah 60, 191 P.2d 153 (1948); Rose v. Plymouth Town, 110 Utah 358, 173 P.2d 285 (1946).

3. Note 2, supra.

particular claimed expenses as a statutory deduction nor that the Division of Family Services was compelled by statutory mandate to so classify them. The trial court properly refused to issue the writ.

Petitioner further contends that respondent violated state law in calculating her assistance grant. To understand her assertion, it is necessary to review the legislative history of Sec. 55–15–24, U.C.A.1953. Prior to 1971, this statute provided maximum grants that persons on public assistance could receive. In Rosado v. Wyman,[4] the court held that to comply with Sec. 402(a)(23) of the Social Security Act, the state statutory scheme must first, establish a standard of need as a yardstick for measuring who is eligible for public assistance; second, the state must decide what level of benefits will be paid. The court stated:

> . . . Consistent with this interpretation of § 402(a)(23), a State may, after recomputing its standard of need, pare down payments to accommodate budgetary realities by reducing the percent of benefits paid or switching to a percent reduction system, but it may not obscure the *actual* standard of need.[5]

In 1971, the legislature repealed the old provisions and enacted a new Section 55–15–24, in conformity with Rosado v. Wyman.

In accordance with Sec. 55–15–24, respondent has established a needs budget and then ratably reduced the assistance grant to the levels appropriated by the legislature. Petitioner contends that under the provisions of Sec. 55–15–24, she is entitled to have her net income deducted from her needs budget and then her grant should be calculated by the percentage currently being granted. Instead, respondent has applied the percentage reduction factor to petitioner's standard of need and then deducted her net income and paid her the difference. Petitioner urges that respondent's method of calculation, in effect, restores the maximum grant system, which was abolished by the legislature in response to the construction of Sec. 402(a)(23) of the Social Security Act by the court in Rosado v. Wyman.

In Jefferson v. Hackney,[6] the computation procedures of the State of Texas, which are identical to those of the State of Utah, were challenged as being not in conformity with Sections 402(a)(23), 402(a)(8), and 402(a)(10) of the Social Security Act. The court cited Rosado v. Wyman and explained that Sec.

---

4. 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970).

5. At page 413 of 397 U.S., at page 1218 of 90 S.Ct.

6. 406 U.S. 535, 92 S.Ct. 1724, 32 L.Ed.2d 285 (1972).

402(a)(23) was intended to serve two broad purposes:

"First, to require the State to face up realistically to the magnitude of the public assistance requirement and lay bare the extent to which their programs fall short of fulfilling actual need; second, to prod the States to apportion their payments on a more equitable basis." Id. [397 U.S.] at 412–413, 90 S.Ct. at 1218 [25 L.Ed.2d at 456].

Texas has complied with these two requirements. Effective May 1, 1969, the standard of need for AFDC recipients was raised 11% to reflect the rise in the cost of living, and the State shifted from a maximum grant system to its present percentage reduction system. In this way, the State has fairly recognized and exposed the precise level of unmet need, and by using a percentage reduction system it has attempted to apportion the State's limited benefits more equitably.[7]

The court further observed that Texas had thus responded to the two broad purposes of Sec. 402(a)(23), and the court did not agree that Congress intended this statute to invalidate any state computation procedures that do not absolutely maximize individual eligibility for subsidiary benefits. The court cited Sections 402(a)(8) and 402(a)(10) of the Social Security Act and concluded that these enactments did not by implication create a generalized fed-

eral criterion to which States must adhere in their computation of standards of need, income, and benefits.

Since Sec. 55–15–24 was enacted to conform with the requirements of the Social Security Act and Sec. 55–15–25 was retained, petitioners suggested strained construction of Sec. 55–15–24 neither comports with the legislative history or purpose of the act nor with the federal statutory mandate. Utah has not obscured actual need and returned to the statutory maximum grant by its method of computation of benefits.

The order of the trial court is affirmed.

HENRIOD, ELLETT, CROCKETT, and TUCKETT, JJ., concur.

---

7.   406 U.S. at p. 542, 92 S.Ct. at p. 1729, at pp. 293–294 of 32 L.Ed.2d.