**INDIAN VILLAGE TRADING POST, INC., Petitioner, Appellant, and Cross–appellee,**

**v.**

**Al BENCH, as Fire Marshall and former Fire Chief of the Rockville/Springdale Fire Protection District, Respondent, Appellee, and Cross–appellant.**

No. 960024–CA.

Court of Appeals of Utah.

Dec. 12, 1996.

Terry R. West, Springdale, for Petitioner, Appellant, and Cross–appellee.

Benson L. Hathaway, Jr., Stirba & Hathaway, Salt Lake City, for Respondent, Appellee, and Cross–appellant.

Before ORME, P.J., and JACKSON, and WILKINS, JJ.

1. Bench conducted, either alone or with other fire officials, at least two water flow tests on the hydrant system. The parties seem to agree, however, that there is only one pertinent water flow test, namely the test conducted on or around November 1, 1991.

2. We understand that Indian Village filed a total of five different lawsuits in response to Bench's water flow tests. Four lawsuits were brought in state court, and one was brought in federal district court. The first lawsuit, filed in March 1991, sought injunctive relief against Bench. This first suit was dismissed by stipulation of the parties. The second lawsuit was filed soon thereafter, alleging civil rights violations. The court dismissed the lawsuit, whereupon Indian

## OPINION

ORME, Presiding Judge:

Indian Village Trading Post, Inc., appeals the dismissal of its petition for extraordinary relief in the nature of mandamus. We affirm, albeit on procedural grounds not relied upon by the trial court.

## FACTS

Indian Village is a corporation, incorporated under the laws of Utah. In 1990, Indian Village began construction of an addition to its existing structure located on Zion Park Boulevard in Springdale, Utah. As part of its construction project, Indian Village installed several fire hydrants around its property. To ensure compliance with fire safety requirements, the local fire district's then fire chief and fire marshall, respondent Al Bench, conducted a water flow test on these hydrants.[1]

By letter dated December 10, 1991, Bench informed Indian Village that, although sufficient water supply was available, its hydrant system was not safe for fire-fighting purposes because it failed to produce the required gallons per minute from two hydrants. Accordingly, Indian Village's property was "redtagged" by the fire district, precluding the building from being occupied. The red tags were to remain on the property until the fire district was satisfied that the hydrant system was adequate for safe fire-fighting capabilities.

In May 1994, as part of a wide-ranging effort to challenge Bench's December 10, 1991, decision,[2] Indian Village brought this

Village filed a similar action in federal district court. The federal civil rights action, heard during the pendency of the instant appeal, resulted in a jury verdict in favor of Bench and others. The third lawsuit, brought pursuant to Rule 65B, was filed in February 1994, naming the fire district as party respondent. That suit was dismissed, whereupon in May 1994, Indian Village filed a second Rule 65B action, this time naming Bench as party respondent. This last lawsuit is the subject of the present appeal. In addition to the five lawsuits, two separate appeal boards were convened at Indian Village's request in July 1991 and January 1992. Both of these administrative boards upheld Bench's decision.

action for extraordinary relief under Rule 65B(e), Utah Rules of Civil Procedure. Two months later Bench, who had resigned as fire chief in March of 1992, resigned as fire marshall. Because of Indian Village's eventual compliance with the fire district's requirements, the red tags had been removed from its property in the spring of 1992, allowing it to open for business. Accordingly, Bench moved the trial court to dismiss the petition, arguing that Indian Village had not met the prerequisites for an extraordinary writ under Rule 65B(e) and that the issues presented to the trial court were moot. The court denied Bench's motion to dismiss and conducted a three-day evidentiary hearing during September and October 1995. Upon hearing expert and other testimony offered by each side, the trial court dismissed the petition for extraordinary relief, finding that Bench had not abused his discretion in making his December 10, 1991, determination regarding Indian Village's hydrant system.

On appeal, Indian Village contends, inter alia, that the trial court erroneously found that Bench relied on credible supporting evidence in making the conclusions he reached in December 1991. Bench cross-appeals, arguing that the trial court erred in denying his pre-trial motion to dismiss the petition. We affirm the trial court's dismissal of the petition, on the ground that Indian Village failed to comply with Rule 25(d), Utah Rules of Civil Procedure, governing the continuation of civil actions in cases involving a public officer who leaves office. Because such dismissal should have occurred prior to the trial court's consideration of the merits, we do not address the issues raised on appeal by Indian Village. See State v. Tucker, 800 P.2d 819, 824 n. 9 (Utah App.1990)("An appellate court has discretion as to the nature and extent of the opinions it renders and we need not 'address in writing each and every argument, issue, or claim raised and properly before us

on appeal.'")(quoting State v. Carter, 776 P.2d 886, 888 (Utah 1989)).

We recognize that Bench did not specifically address Rule 25(d) in his pre-trial motion to dismiss the petition, but rather couched his argument in terms of mootness. However, Bench's argument below and on cross-appeal touches to a meaningful degree on the problem addressed by Rule 25(d), namely, the ability of a party to pursue or continue a civil action against a public official who has left office. Therefore, despite Bench's failure to specifically address Rule 25(d) in his arguments below, his basic challenge to the action is well-taken, and we affirm the trial court's dismissal on that basis. See Buehner Block Co. v. UWC Assocs., 752 P.2d 892, 895 (Utah 1988)(stating appellate courts "may affirm trial court decisions on any proper ground(s), despite the trial court's having assigned another reason for its ruling"); State v. Elder, 815 P.2d 1341, 1344 n. 4 (Utah App. 1991)(same).

## ANALYSIS

Pursuant to Rule 65B(e), Utah Rules of Civil Procedure,[3] Indian Village petitioned the trial court for extraordinary relief in the nature of mandamus. Cf. Renn v. Utah State Bd. of Pardons, 904 P.2d 677, 683 (Utah 1995)(stating relief under Rule 65B(e) "includes relief that was available at common law by writs of certiorari and mandamus"); Crist v. Mapleton City, 28 Utah 2d 7, 9, 497 P.2d 633, 634 (1972)(stating writ of mandamus not abolished by Rule 65B—rule only means writ need not be designated as such to be effective).

Although Rule 65B has abolished the common law forms and procedures for extraordinary writs, the essential remedy of mandamus under Rule 65B remains the same today as it was under the common law, namely, to

---

3. Rule 65B(e), Utah Rules of Civil Procedure, states, in pertinent part, as follows:

    (1) **Who may petition.** A person aggrieved or whose interests are threatened by any of the acts enumerated in this paragraph (e) may petition the court for relief.

    (2) **Grounds for relief.** Appropriate relief may be granted: (A) where an inferior court, administrative agency, or officer exercising ju-

dicial functions has exceeded its jurisdiction or abused its discretion; (B) where an inferior court, administrative agency, corporation or person has failed to perform an act required by law as a duty of office, trust or station; or (C) where an inferior court, administrative agency, corporation or person has refused the petitioner the use or enjoyment of a right or office to which the petitioner is entitled.

require an official to act. *See State v. Ruggeri*, 19 Utah 2d 216, 217–18, 429 P.2d 969, 970 (1967). More recently, the mandamus concept has been expanded to address situations where officials have acted, but have greatly exceeded the scope of their lawful discretion. *Renn*, 904 P.2d at 682; *Olson v. Salt Lake City Sch. Dist.*, 724 P.2d 960, 967 (Utah 1986). Thus, under Rule 65B(e), a petitioner may seek to compel a public officer to perform a duty incumbent on the officer by virtue of public office or as required by law, *see* Utah R. Civ. P. 65B(e)(2)(B), or to compel correction of a public officer's gross abuse of discretion. *See* Utah R. Civ. P. 65B(e)(2)(A).

■ Like the common law writ, an action under Rule 65B(e) in the nature of mandamus is personal, in that it is directed against the particular officer rather than the office. *See* 52 Am.Jur.2d *Mandamus* § 8 (1970)(discussing common law writ of mandamus); *Ruggeri*, 429 P.2d at 970 (stating nature of mandamus under Rule 65B remains the same as it was under common law). It necessarily follows that, in the absence of a statutory provision to the contrary, a Rule 65B(e) action in the nature of mandamus abates upon the death or resignation of the public officer against whom it is directed. *See* 52 Am. Jur.2d *Mandamus* §§ 8, 387 (1970). The dispositive issue in this case, then, is whether Utah law provides, by way of statute or equivalent rule, for the continuation of a Rule 65B(e) action when a public officer, against whom the action is directed, resigns his position during the action's pendency.

The general rule governing the continuation of civil actions brought against public officers who resign, including Rule 65B actions in the nature of mandamus,[4] is set forth in Rule 25(d), Utah Rules of Civil Procedure. The rule provides as follows:

> **Public officers; death or separation from office.** *When a public officer is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office, it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it.* Substitution pursuant to this rule may be made when it is shown by supplemental pleading that the successor of an officer adopts or continues or threatens to adopt or continue the action of his predecessor. Before a substitution is made, the party or officer to be affected, unless expressly assenting thereto, shall be given reasonable notice of the application therefor and accorded an opportunity to object.

Utah R. Civ. P. 25(d)(emphasis added).

It should be noted that Rule 25(d) differs substantially from Rule 38(c), Utah Rules of Appellate Procedure, which governs the continuation of appeals when a public officer has ceased to hold office during the pendency of an appeal.[5] That rule provides that the appeal does not abate upon the officer's resignation, but that the officer's successor is automatically substituted as a party. In contrast, Rule 25(d) requires strict adherence to its procedural elements for a civil action to continue pre-appeal. *See Bach v. Schooley*, 155 Colo. 30, 392 P.2d 649, 649–50 (1964)(en banc)(construing identical rule then in effect).

The petition for extraordinary relief at issue in this case names Al Bench as respondent, in his capacity "as Fire Marshall and

---

4. *See* Utah R. Civ. P. 65B(a)("To the extent that this rule does not provide special procedures, proceedings on petitions for extraordinary relief shall be governed by the procedures set forth elsewhere in these rules.").

5. Rule 38(c), Utah Rules of Appellate Procedure, states, in pertinent part, as follows:

    **Public Officers; death or separation from office.**
    (1) When a public officer is a party to an appeal or other proceeding in an official capacity and during its pendency dies, resigns or otherwise ceases to hold office, the action does not abate and the public officer's successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.

former Fire Chief[6] of the Rockville–Springdale Fire Protection District." During the pendency of the action, Bench resigned his position as fire marshall. Because Bench no longer held the offices in which he allegedly acted improperly, the action abated unless Indian Village complied with the requirements of Rule 25(d).

Indian Village wholly failed to comply with Rule 25(d). It filed no motion to substitute Bench's successor as fire marshall within six months of the successor's taking office. There was no showing that there was a substantial need to continue the action against Bench's successor. There was no showing, by supplemental pleading or otherwise, that Bench's successor would continue or threaten to continue Bench's actions. Even if there had been some showing of substantial need, Bench's successor was not given the required notice and opportunity to object.

**6.** The petition's reference to Bench's former office of fire chief, which he had resigned before this action was filed, is anomalous. It is difficult to see how someone who is no longer a fire chief could take any official action as a fire chief, even if directed to do so by a court.

## CONCLUSION

Having pursued a Rule 65B(e) action against Bench, it was necessary for Indian Village, upon Bench's resignation from his office, to comply with the requirements of Rule 25(d) in order to avoid abatement of the action. Because Indian Village failed to comply with that rule, the action should have been dismissed. The trial court's order of dismissal is affirmed on this basis.

JACKSON and WILKINS, JJ., concur.