STATE of Utah, Petitioner,

v.

Anne M. STIRBA, Judge, Third Judicial
District Court, Salt Lake County,
Utah, Respondent;

Laura M. Morrison, Intervenor.

No. 981383–CA

Court of Appeals of Utah.

Dec. 24, 1998.

Jan Graham and Norman E. Plate, Salt Lake City, for Petitioner.

Brent M. Johnson, Salt Lake City, for Respondent.

Kimberly A. Clark and Joan C. Watt, Salt Lake City, for Intervenor.

Before Judges BENCH, BILLINGS, and ORME.

## OPINION

ORME, Judge:

Pursuant to Rule 65B of the Utah Rules of Civil Procedure and Rule 19 of the Utah Rules of Appellate Procedure, petitioner, the State of Utah, requests an extraordinary writ compelling respondent, Anne M. Stirba, District Court Judge, to order restitution which she previously held unrecoverable. For what are essentially procedural reasons, we deny the petition.

## BACKGROUND

In the underlying case, *State v. Morrison,* Third District Court No. 971900099FS, the State filed an information against Laura M. Morrison, the intervenor. herein, charging her with, *inter alia,* theft by receiving stolen property, a second degree felony in violation of Utah Code Ann. § 76–6–408 (1995), for her role in a motor vehicle theft. A jury convicted Morrison of this offense and Judge Stirba ordered counsel for Morrison and the State to submit briefs regarding the amount of restitution that Morrison should pay her victims, a married couple.

In response, the State filed a brief requesting an order requiring Morrison to pay the victims $250 to recompense them for an insurance deductible they had paid. Additionally, the State requested that Judge Stirba order Morrison to pay the victims $9312.50 to cover their vehicle's value. According to the State—although the premise is surely questionable—the victims had received an insurance settlement for this amount, but their policy required them to repay it because their vehicle—or what was left of it—was recovered. At a restitution hearing held on September 2, 1997, one of the victims testified that she and her husband had saved for years to buy the vehicle, which was "totaled" when the police recovered it from Morrison. After settling with their insurance company and car loan lender, the victim testified that they could not afford a down payment on a new vehicle. The State argued that, notwithstanding their insurance coverage, the victims were entitled to receive the $9312.50 from Morrison under the collateral source rule.

Judge Stirba ordered Morrison to pay the victims $250 for their insurance deductible and $500 for their car stereo, which was apparently excluded from insurance coverage. Additionally, Judge Stirba took the issue of whether Morrison should be required to pay amounts duplicative of those covered

by insurance under advisement, pending briefing by counsel for both sides on the collateral source doctrine and other applicable law.

On October 22, 1997, Judge Stirba entered a memorandum decision denying the State's request for restitution covering losses for which the victims were insured. Judge Stirba ruled that, under Utah Code Ann. § 76–3–201(4)(a)(i) (Supp.1997), as interpreted by this court's decision in *State v. Westerman*, 945 P.2d 695 (Utah Ct.App.1997), "a defendant cannot be required to pay restitution ... to a victim who has already been reimbursed by the victim's insurance carrier."

Challenging this ruling, the State filed a Petition for Extraordinary Writ in this court, seeking a writ, in the nature of mandamus, directing Judge Stirba to order Morrison to pay the victims the $9312.50 value of their car, even though that amount was covered by their insurance.

## ANALYSIS

### A. Nature of relief sought and standard of review

At the outset, it is important to note that this case comes to us as an original proceeding, not an appeal from Judge Stirba's restitution order. In fact, Utah Code Ann. § 77–18a–1(2) (Supp.1998) precludes the State from appealing this order,[1] and the State may not use the writ of mandamus to circumvent this restriction. *See Petersen v. Utah State Bd. of Pardons*, 907 P.2d 1148, 1152 (Utah 1995) ("The extraordinary writs do not, however, authorize [appellate courts] to exercise the same scope of review as may be exercised pursuant to statutory appeals."); *Merrihew v. Salt Lake County Planning and Zoning Comm'n*, 659 P.2d 1065, 1067 (Utah 1983) (" 'A writ of mandamus is not a substitute for and cannot be used in civil proceedings to serve the purpose of appeal ....' ") (quoting *Crist v. Mapleton City*, 28 Utah 2d 7, 9, 497 P.2d 633, 634 (1972)).

Accordingly, because the State challenges a judicial decision, our review "shall not extend further than to determine whether [Judge Stirba] has regularly pursued [her] authority." Utah R. Civ. P. 65B(d)(4). However, in making this determination, "[s]ince the issue here involves the interpretation and application of a statute, the trial court's legal conclusion is granted no particular deference but is reviewed for correctness." *Salt Lake Child & Family Therapy Clinic, Inc. v. Frederick*, 890 P.2d 1017, 1019 (Utah 1995). In other words, while we limit our review of Judge Stirba's actions to deciding whether she has regularly exercised her authority, we grant no deference to her interpretation and application of Utah Code Ann. § 76–3–201 (Supp.1997). *See id.* at 1019.

We may[2] grant the extraordinary relief of a writ in the nature of mandamus, compelling

---

1. Section 77–18a–1(2) sets forth specific judgments and orders from which the State may appeal in criminal cases:
 (a) a final judgment of dismissal, including a dismissal of a felony information following a refusal to bind the defendant over for trial;
 (b) an order arresting judgment;
 (c) an order terminating the prosecution because of a finding of double jeopardy or denial of a speedy trial;
 (d) a judgment of the court holding a statute or any part of it invalid;
 (e) an order of the court granting a pretrial motion to suppress evidence when upon a petition for review the appellate court decides that the appeal would be in the interest of justice;
 (f) under circumstances not amounting to a final order under subsection (2)(a), a refusal to bind the defendant over for trial on a felony as charged or a pretrial order dismissing or quashing in part a felony information, when upon a petition for review the appellate court decides that the appeal would be in the interest of justice; or
 (g) an order of the court granting a motion to withdraw a plea of guilty or no contest.
 Utah Code Ann. § 77–18a–1(2) (Supp.1998). None of these types of judgments or orders are present here. Moreover, section 77–18a–1(2) is restrictive rather than permissive and, thus, the State has no right to appeal except as expressly provided therein. *See State v. Waddoups*, 712 P.2d 223, 224 (Utah 1985); *State v. Kelbach*, 569 P.2d 1100, 1102 (Utah 1977); *State v. Workman*, 806 P.2d 1198, 1201–02 (Utah Ct.App.1991), *aff'd*, 852 P.2d 981 (Utah 1993).

2. " '[T]he granting a writ [of mandamus] is always a matter of discretion with this court and never a matter of right on behalf of the applicant.' " *Renn v. Utah State Bd. of Pardons*, 904 P.2d 677, 683 (Utah 1995) (quoting *State v. Ruggeri*, 19 Utah 2d 216, 220, 429 P.2d 969, 971 (1967)) (alterations in original).

a lower court's compliance, when the lower court has

> (A) ... exceeded its jurisdiction or abused its discretion; (B) ... failed to perform an act required by law as a duty of office, trust or station; [or] (C) ... refused the petitioner the use or enjoyment of a right or office to which the petitioner is entitled.

Utah R. Civ. P. 65B(d)(2). In this case, the State contends Judge Stirba failed to perform a legally required act under Rule 65B(d)(2)(B) and abused her discretion under Rule 65B(d)(2)(A). In assessing these contentions, and in deciding whether to issue the writ, we "must look to the nature of the relief sought, the circumstances alleged in the petition, and the purpose of the type of writ sought." *Renn,* 904 P.2d at 683.

However, we may not exercise our discretion and enter a Rule 65B writ unless the State has "no other plain, speedy and adequate remedy" at law. Utah R. Civ. P. 65B(a). Thus, we must first determine whether the State could obtain clear, sufficient and expedient relief by means other than a Rule 65B action.

### B. Absence of other plain, speedy, and adequate remedy

■ When it cannot appeal a district court's order, a petitioner has "no alternative course to follow" and thus Rule 65B "provides the [petitioner] with its sole means to obtain a 'plain, speedy and adequate remedy' for the district court's alleged abuse of discretion." *Society of Prof'l Journalists v. Bullock,* 743 P.2d 1166, 1168 n. 1 (Utah 1987) (quoting Utah R. Civ. P. 65B(a)). As noted earlier in this opinion, Utah Code Ann. § 77–18a–1(2) (Supp.1998) precludes the State from appealing Judge Stirba's restitution order. *See supra* note 1 and accompanying text. Consequently, the State has no other course to follow in challenging this order, and Rule 65B provides the State with its sole means to obtain a plain, speedy and adequate remedy.

■ Morrison argues that, because the victims may pursue a civil action against her, an alternative remedy exists and a Rule 65B writ is inappropriate. We disagree. The State's right to pursue criminal restitution cannot be equated with the victim's right to pursue civil damages. *Cf. Monson v. Carver,* 928 P.2d 1017, 1027 (Utah 1996) (noting key purpose of restitution "is to spare victims the time, expense, and emotional difficulties of separate civil litigation to recover their damages from the defendant"). Moreover, the victims are not parties to this action and the remedies available to them have no bearing on whether a Rule 65B writ is the State's only viable remedy.

We thus conclude a Rule 65B extraordinary writ is the State's only plain, speedy and adequate remedy. Having reached this conclusion, we consider the State's claim that Judge Stirba failed to perform a legal duty of her office.

### C. Failure to perform an act required by law under Rule 65B(d)(2)(B)

■ A Rule 65B(d)(2)(B) writ is available to direct the exercise of discretionary action, " ' "but not to direct the exercise of judgment or discretion in a particular way." ' " *Renn v. Utah State Bd. of Pardons,* 904 P.2d 677, 682 (Utah 1995) (quoting *State v. Ruggeri,* 19 Utah 2d 216, 218, 429 P.2d 969, 970 (1967) (quoting 34 Am.Jur. *Mandamus* § 4 (1941))). For instance, if a lower court refused to rule on a timely and proper motion, we could compel it to do so, but we could not direct it how to rule. *See Ruggeri,* 19 Utah 2d at 218, 429 P.2d at 970. However,

> [w]hile it is well settled that mandamus may not issue to compel a public official with unlimited discretion to act in a certain way, courts have long recognized that where the law imposes limitations on the exercise of that discretion, mandamus is available to enforce those limitations.

*Olson v. Salt Lake City Sch. Dist.,* 724 P.2d 960, 967 (Utah 1986). Utah courts have thus far only enforced such limitations against the overstepping of "statutory authority." *Id.* In this case, Judge Stirba has performed the acts required of her office without overstepping statutory limitations.

■ Utah's restitution statute provides that "[w]hen a person is convicted of criminal activity that has resulted in pecuniary damages, in addition to any other sentence it may impose, the court *shall* order that the defen-

dant make restitution to victims of crime as provided in this subsection." Utah Code Ann. § 76-3-201(4)(a)(i) (Supp.1998) (emphasis added). Accordingly, upon Morrison's conviction, section 76-3-201(4)(a)(i) imposed a nondiscretionary duty upon Judge Stirba to order Morrison to make appropriate restitution.

■ Judge Stirba performed this duty by entering an order of restitution recompensing Morrison's victims for the value of their insurance deductible and their car stereo. Judge Stirba's refusal to perform this duty in a particular way, by including amounts previously paid by insurance, does not constitute a failure to perform a legally required act for purposes of Rule 65B(d)(2)(B). Moreover, Judge Stirba has not overstepped any statutory limitations on the exercise of her duties under the restitution statute. While the restitution statute requires trial courts to follow specific "criteria and procedures" in determining the propriety and amount of restitution,[3] none of these standards relate to whether trial courts may include losses covered by insurance. *Id.* § 76-3-201(4)(a)(ii).

---

**3.** The criteria and procedures governing restitution orders are as follows:

(c) In determining restitution, the court shall determine complete restitution and court-ordered restitution.
(i) Complete restitution means the restitution necessary to compensate a victim for all losses caused by the defendant.
(ii) Court-ordered restitution means the restitution the court having criminal jurisdiction orders the defendant to pay as a part of the criminal sentence at the time of sentencing.
(iii) Complete restitution and court-ordered restitution shall be determined as provided in Subsection (8).
Utah Code Ann. § 76-3-201(4) (Supp.1998).
The referenced subsection (8) gives the trial court detailed guidance concerning restitution determinations:
(b) In determining the monetary sum and other conditions for complete restitution, the court shall consider all relevant facts, including:
(i) the cost of the damage or loss if the offense resulted in damage to or loss or destruction of property of a victim of the offense;
(ii) the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of

Hence, Judge Stirba has not "failed to perform an act required by law as a duty of office, trust or station" under Rule 65B(d)(2)(B), and we cannot grant the State's request for extraordinary relief under this provision.

### D. Abuse of discretion under Rule 65B(d)(2)(A)

■ Although Rule 65B(d)(2)(B) does not permit us to do so, Rule 65B(d)(2)(A) allows us to direct the particular exercise of a lower court's judgment to correct the lower court's abuse of discretion. *See* Utah R. Civ. P. 65B(d)(2)(A); *Salt Lake Child & Family Therapy Clinic, Inc. v. Frederick,* 890 P.2d 1017, 1019-22 (Utah 1995). However, as noted by both this court and the Utah Supreme Court, "abuse of discretion" for Rule 65B(d)(2)(A) writs must be much more blatant than the garden variety "abuse of discretion" featured in routine appellate review. *See Renn,* 904 P.2d at 683 (holding courts may employ Rule 65B writ to correct a *"gross and flagrant* abuse of discretion")

---

healing recognized by the law of the place of treatment; the cost of necessary physical and occupational therapy and rehabilitation; and the income lost by the victim as a result of the offense if the offense resulted in bodily injury to a victim; and
(iii) the cost of necessary funeral and related services if the offense resulted in the death of a victim.
(c) In determining the monetary sum and other conditions for court-ordered restitution, the court shall consider the factors listed in Subsection (8)(b) and:
(i) the financial resources of the defendant and the burden that payment of restitution will impose, with regard to the other obligations of the defendant;
(ii) the ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court;
(iii) the rehabilitative effect on the defendant of the payment of restitution and the method of payment; and
(iv) other circumstances which the court determines make restitution inappropriate.
(d) The court may decline to make an order or may defer entering an order of restitution if the court determines that the complication and prolongation of the sentencing process, as a result of considering an order of restitution under this subsection, substantially outweighs the need to provide restitution to the victim.
Utah Code Ann. § 76-3-201(8) (Supp.1998).

(emphasis added); *Indian Village Trading Post, Inc. v. Bench*, 929 P.2d 367, 370 (Utah Ct.App.1996) ("Thus, under Rule 65B[ ], a petitioner may seek to ... compel correction of a public officer's *gross* abuse of discretion [under] Utah R. Civ. P. 65B[ (d) ](2)(A).") (citation omitted; emphasis added).

 In this case, Judge Stirba's ruling that "a defendant cannot be required to pay restitution ... to a victim who has already been reimbursed by the victim's insurance carrier" was an incorrect interpretation of the restitution statute then in effect.[4] However, a simple mistake of law does not qualify as the kind of gross and flagrant abuse of discretion necessary for a Rule 65B(d)(2)(A) writ to issue.

 Moreover, while courts may find an abuse of discretion and issue a Rule 65B(d)(2)(A) writ in the face of a particularly egregious and momentous legal error, *see, e.g., Frederick*, 890 P.2d at 1019–21, the courts may not routinely use the writ as a substitute for an appeal. *See Merrihew v. Salt Lake County Planning and Zoning Comm'n*, 659 P.2d 1065, 1067 (Utah 1983). The Legislature has exactingly limited the judgments and orders from which the State

may appeal in criminal cases, none of which include restitution orders. *See* Utah Code Ann. § 77–18a–1(2) (Supp.1998). Although the State brings its Rule 65B(d)(2)(A) claim as an original action, this proceeding has the same characteristics, and seeks the same review and relief, as would a statutory appeal from Judge Stirba's restitution order. Hence, to avoid transforming this action into an impermissible appeal, we must deny the State's request for a Rule 65B(d)(2)(A) writ of mandamus.

## CONCLUSION

Based on our determination that Judge Stirba neither failed to perform a legally-required act under Rule 65B(d)(2)(B) nor abused her discretion under Rule 65B(d)(2)(A), coupled with our holding that the State's action is tantamount to an impermissible appeal, the State's Petition for Extraordinary Writ is hereby denied.

RUSSELL W. BENCH, Judge, and
JUDITH M. BILLINGS, Judge, concur.

4. Judge Stirba based her ruling on this court's holding in *State v. Westerman*, 945 P.2d 695 (Utah Ct.App.1997), that "an insurance company is not a victim as defined in [the restitution statute]" and therefore not entitled to restitution payments. *Id.* at 699. However, the restitution statute applicable when Judge Stirba entered her ruling provided that "[f]or purposes of restitution, a victim has the meaning as defined in Section 77–38–2," Utah Code Ann. § 76–3–201(4)(a)(i) (Supp.1997), which section defined "victim" as

> any natural person against whom the charged crime or conduct is alleged to have been perpetrated or attempted by the defendant or minor personally or as a party to the offense or conduct, or, in the discretion of the court, against whom a related crime or act is alleged to have been perpetrated or attempted.

Utah Code Ann. § 77–38–2(9)(a) (Supp.1997). Acknowledging that "the result is troublesome," the *Westerman* court held that an insurance company does not fall within this definition of "victim." 945 P.2d at 699. However, the restitution order challenged in *Westerman* was an order mandating payment of restitution *directly to the victim's insurer. See id.* at 696.

In stark contrast, the restitution sought by the State in this case was to be paid *directly to the*

*victim.* As we noted in *State v. Haga*, 954 P.2d 1284, 1289 (Utah Ct.App.1998), *Westerman* has no application absent an order specifically requiring that the defendant pay restitution directly to an insurance company. Accordingly, because the restitution recipient in this case was to be the very persons against whom the charged crime was perpetrated, and not an insurer, Judge Stirba misapplied the *Westerman* holding in interpreting the restitution statute.

We also note that the Legislature has addressed the substantive issue in this case, i.e., the propriety of restitution orders for amounts covered by a victim's insurance. Following the *Westerman* ruling, the Legislature took the *Westerman* court up on its suggestion to "enact remedial legislation," 945 P.2d at 695 n. 5, dealing with any unintended effects of that decision. *See* 1998 Utah Laws ch. 149, § 1. Hence, effective May 4, 1998, the restitution statute defines "victim" as "any person whom the court determines has suffered pecuniary damages as a result of the defendant's criminal activities." Utah Code Ann. § 76–3–201(1)(e)(i) (Supp.1998). *See* Utah Code Ann. § 76–3–201(4)(a)(i) (Supp.1998). Because this definition is far less restrictive than the definition considered in *Westerman* and certainly broad enough to include insurance companies, the Legislature's 1998 amendment has effectively superseded the *Westerman* decision.