2003 UT App 153

UTAH COUNTY, Petitioner and Appellee,

v.

George S. ALEXANDERSON and Charles H. Martin, Respondents and Appellants.

No. 20020143–CA.

Court of Appeals of Utah.

May 22, 2003.

Tawni J. Sherman and Todd M. Shaughnessy, Snell & Wilmer, Salt Lake City, for Appellants.

M. Cort Griffin, Utah County Attorney Office, Provo, for Appellee.

Before Judges JACKSON, BILLINGS, and DAVIS.

## OPINION

BILLINGS, Associate Presiding Judge:

¶ 1 Deputies George S. Alexanderson and Charles H. Martin (the deputies) appeal the trial court's order granting Utah County's petition for an extraordinary writ under rule 65B of the Utah Rules of Civil Procedure. The trial court found the deputies' employment grievance untimely and reversed the Utah County Career Service Council's (the Council) decision favoring the deputies. We reverse.

## BACKGROUND [1]

¶ 2 In 1991, the deputies were employed by the Utah County Sheriff's Department (the Department) as shift supervisors in the Utah County Jail. After a reclassification study, the Department eliminated all shift supervisor positions and opened four new sergeant positions, with a higher rank and pay than shift supervisor. Before filling the new sergeant positions, the Department moved the deputies and other shift supervisors to the lower rank of corrections specialist, with no reduction in pay. Because the duties of sergeant were similar to those of shift supervisor, and based on representations made to them by management, the deputies believed they would be promoted to sergeant. Both deputies requested to be considered for the sergeant positions. In December 1991, the Department made its hiring decisions, and neither deputy was promoted.

¶ 3 Although the deputies were qualified for the sergeant position, some of those who were promoted to sergeant, as the Council later found, did not meet minimum qualification requirements. The deputies suspected that several of those promoted were not qualified, but the deputies claim they did not have access to sufficient eligibility lists and did not at that time investigate further or pursue formal grievances.

¶ 4 Between 1992 and 1996, both deputies continued to express interest in obtaining sergeant positions and participated in testing and other evaluation procedures. In December 1996, the deputies learned from a sergeant that a lieutenant in the Department wanted him to manipulate the testing results involving a separate position within the Department. After the deputies met with Sheriff Bateman to discuss their concerns regarding promotions and evidence of corruption within the Department, the sheriff sent a letter to Deputy Martin dated December 17, 1996. In that letter, Sheriff Bateman stated, for the first time, that shift supervisors were not automatically promoted to sergeant because the position of shift supervisor "was never a ranked position." In fact, shift supervisor was a ranked position, and the deputies thus discovered they had possibly not been considered as ranked officers when applying for promotion to sergeant.

¶ 5 The deputies filed a grievance with the Council on January 10, 1997, challenging the sheriff's promotion procedures and continued failure to promote them to the rank of sergeant. The Council consists of three members appointed by Utah County's (the County) legislative body, see Utah Code Ann. § 17–33–4(1)(a)(I) (2001),[2] charged with hearing employment grievances filed by county career service employees. See id. § 17–33–4(1)(b). The County contended the grievance violated timeliness requirements from the Utah County Office of Personnel Management Rules and Regulations, which require written notice of a grievance "within three months from the date of occurrence." After hearing evidence, on June 30, 1997, the Council concluded the grievance petition was timely and ruled substantively in favor of the deputies, finding that "promotions [were] based on arbitrary criteria," with "inconsistent, biased and capricious" testing procedures. The Council concluded that the deputies' "discussion with Sheriff Bateman in December, 1996 was the date that should

---

1. "We recite the facts in a light most favorable to the decision of the fact finder." *In re B.S.V.,* 2002 UT App 343, ¶ 2, 57 P.3d 1127 (quotations and citation omitted). Here, the fact finder was the Council, which ruled in favor of the deputies.

2. In 1997, the county "legislative body" appointed the Council's members. *See* Utah Code Ann. § 17–33–4 (2001) (amendment notes). The 2001 amendments changed this to an "executive" appointment. *See id.*

drive the time for filing." Because the deputies "filed within 90 days of that date," the Council reached the substantive issues.

¶ 6 In July 1997, the County petitioned the trial court for an extraordinary writ under rule 65B of the Utah Rules of Civil Procedure, again arguing the deputies' grievance was untimely. The trial court remanded the case to the Council for the entry of findings of fact and conclusions of law consistent with its June 30, 1997 ruling. The Council never complied with the remand order.[3] Finally, after briefing and oral argument, on September 27, 2001, the trial court found the deputies' claims untimely as a matter of law. The deputies now appeal that decision.

## ISSUE AND STANDARD OF REVIEW

¶ 7 The deputies challenge the trial court's reversal of the Council's determination that the deputies' grievance petition was timely. Because the County brought its trial court petition under rule 65B of the Utah Rules of Civil Procedure, "this court looks at the administrative proceeding as if the petition were brought here directly, even though technically it is the [trial] court's decision that is being appealed." *Tolman v. Salt Lake County Attorney*, 818 P.2d 23, 26 (Utah Ct.App.1991). "We give no deference to the [trial] court's initial appellate review since it was a review of the record, which this court is just as capable of reviewing as the district court." *Id.*

¶ 8 Rule 65B provides, in part, "Where no other plain, speedy and adequate remedy is available,[4] a person may petition the court for extraordinary relief .... where an ... administrative agency ... has ... abused its

3. All three original Council members were no longer on the Council. Thus, the new Council members were not well-suited to comply with the remand order.

4. The Utah Legislature amended Utah Code Ann. § 17–33–4 in 2001 by adding a procedure for appeals of Council decisions to the trial courts, *see id.* at § 17–33–4(1)(d) (2001) (amendment notes), but this was not in effect in 1997 when the County first petitioned for an extraordinary writ.

5. The County argues this court's rule 65B abuse of discretion analysis in *State v. Stirba*, 972 P.2d

discretion." Utah R. Civ. P. 65B(a), (d)(2)(A). A rule 65B abuse of discretion hinges on whether the Council "misused" or "exceeded" its discretion. *Tolman*, 818 P.2d at 27 (citations omitted). "However, as noted by both this court and the Utah Supreme Court, 'abuse of discretion' for [r]ule 65B(d)(2)(A) writs must be much more blatant than the garden variety 'abuse of discretion' featured in routine appellate review." *State v. Stirba*, 972 P.2d 918, 922 (Utah Ct.App.1998) (citing *Renn v. Utah State Bd. of Pardons*, 904 P.2d 677, 683 (Utah 1995)). For example, in *Stirba*, this court found that a "simple mistake of law does not qualify as the kind of gross and flagrant abuse of discretion necessary for a[r]ule 65B(d)(2)(A) writ to issue."[5] *Id.* at 923. Thus, we will reverse the Council's legal conclusion regarding its timeliness rule only if it is a gross and flagrant abuse of discretion. We review any underlying factual findings under a clearly erroneous standard. *See Mule–Hide Prods. Co. v. White*, 2002 UT App 1,¶ 11, 40 P.3d 1155.

## ANALYSIS

¶ 9 The County argues the Council misapplied its timeliness rule for hearing appeals. Section VII E.1 of the Utah County Office of Personnel Management Rules and Regulations provides, "Any career service employee who has completed a ... probationary period ... having a grievance over merit principles may appeal to the Career Service Council. The employee must file a written notice with the personnel director within three months from the date of the occurrence." Here, the Council concluded that the deputies' "discussion with Sheriff Bateman in December, 1996

918 (Utah Ct.App.1998), applies only to cases where an appeal is statutorily prohibited. We disagree. In *Stirba*, this court *separately* discussed a statutory limit placed on the State's right to appeal. *See id.* at 923. Further, we cited *Indian Vill. Trading Post, Inc. v. Bench*, 929 P.2d 367 (Utah Ct.App.1996) in support of our rule 65B abuse of discretion analysis. *See Stirba*, 972 P.2d at 923. *Bench* did not involve a statutory limit of appeal. *See* 929 P.2d at 370 (discussing use of rule 65B to "compel correction of a public officer's *gross* abuse of discretion" (emphasis added)).

was the date that should drive the time for filing," and that because the deputies "filed within 90 days of that date," their petition was timely.

¶ 10 Implicit in this determination is a factual finding that the deputies were not reasonably aware of their grievance until their December 1996 discussion with the sheriff. The deputies first learned in December 1996 that Sheriff Bateman erroneously believed the position of shift supervisor "was never a ranked position." Prior to December 1996, the deputies did not know, and had no reason to know, of the possibility that they were personally passed over for promotion because of an incorrect assumption regarding their qualifications. Thus, the Council's implicit factual finding was not clearly erroneous.[6]

¶ 11 Moreover, because the Council had reason to believe the deputies were not reasonably aware of their employment grievance until December 1996, the Council did not grossly and flagrantly abuse its discretion in concluding, as a matter of law, that the grievance's "date of ... occurrence" was in December 1996. Therefore, the Council's legal conclusion that the deputies' grievance was timely was not a gross and flagrant abuse of discretion.[7]

**6.** Although lower tribunals should make explicit factual findings, the " 'failure to make factual findings is not reversible error' " where, as here, "the facts in the record are 'clear, uncontroverted, and capable of supporting only a finding in favor of the judgment.' " *American Fork City v. Singleton*, 2002 UT App 331, ¶ 8, 57 P.3d 1124 (quoting *Acton v. Deliran*, 737 P.2d 996, 999 (Utah 1987)). Here, the County does not dispute that, in December 1996, the deputies first learned of the sheriff's erroneous assumption regarding the status of the shift supervisor position.

Furthermore, any remand to the Council for factual findings would not be helpful in this case. The trial court unsuccessfully attempted such a remand, and the Council members who sat on this case are no longer available or with the Council.

**7.** Furthermore, even if the Council technically deviated from its rule, it was still within rule 65B parameters. *Cf. Union Pac. R.R. Co. v. Utah State Tax Comm'n*, 842 P.2d at 876, 879 (Utah 1992), *superceded on other grounds*, Utah Code Ann. § 59-1-610(1)(b) (Supp.1993) (concluding appellate courts should "uphold reasonable and

## CONCLUSION

¶ 12 We conclude the Council did not grossly and flagrantly abuse its discretion in allowing the deputies' appeal under its timeliness rule. We therefore reverse the trial court's ruling.[8]

¶ 13 WE CONCUR: NORMAN H. JACKSON, Presiding Judge, and JAMES Z. DAVIS, Judge.

rational *departures* " from an agency's own rules, "absent a showing that the departure violated some other right" (emphasis added)). The Council must be "in sympathy with the application of merit principles" to career service employment, Utah Code Ann. § 17-33-4(1)(a)(i), and the three month timeliness requirement stems from a procedural and internal personnel rule. *See* Utah Code Ann. § 17-33-10 (2001). Given the deputies' new information and the Council's finding that the Department's promotions were arbitrary, the Council could have equitably decided to slightly deviate from its timeliness rule.

**8.** At oral argument, the County urged us to alternatively remand this case to the trial court for findings on the merits. However, in its memorandum decision reversing the Council's timeliness decision, the trial court clearly upheld the Council's conclusions on the merits, and the County has filed no cross appeal. Specifically, the trial court stated, "[T]his court is persuaded that there is sufficient evidence to support [the deputies'] claim that the County deviated from a regular process of promotion based on merit principles. Therefore, the finding of the Council on this issue will not be overturned."