2004 UT App 215

**Jay R. RICE, Petitioner and Appellee,**

v.

**UTAH SECURITIES DIVISION; and S. Anthony Taggart, Director, Respondents and Appellants.**

**No. 20030131–CA.**

Court of Appeals of Utah.

June 24, 2004.

Rehearing Denied July 13, 2004.

Mark L. Shurtleff, Attorney General, and Wayne Klein, Assistant Attorney General, Salt Lake City, for Appellants.

David J. Burns, Buckland Orton LLC, Salt Lake City, for Appellee.

Before Judges BILLINGS, BENCH, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 The Utah Securities Division (the Division) and S. Anthony Taggart (the Director) appeal the trial court's rule 65B(d) order directing the Division to dismiss its licensing revocation proceeding against Jay R. Rice. We affirm in part and reverse in part.

## BACKGROUND

¶ 2 On December 29, 2000, following an investigation, the Division sought to revoke Jay R. Rice's securities license.[1] After six days of hearings, which transpired in May, June, and July, the case was submitted to an administrative law judge (ALJ) on August 27, 2001. After the matter was submitted, Rice regularly contacted the Division seeking a resolution; however, the Division never satisfied his requests. By the end of 2002, some seventeen months after the matter was submitted to the ALJ, no decision had issued. Therefore, pursuant to rule 65B(d)(2)(B) [2] of

---

1. Because the circumstances surrounding Rice's alleged misdeeds are not material to this appeal, we do not detail them here.

2. Rice's petition failed to mention the specific provision under which he sought relief. However, his petition requested that the court review the Division's failure "to render a decision within a reasonable time as required by law." Consequently, we interpret Rice's petition as requesting relief under rule 65B(d)(2)(B) of the Utah Rules of Civil Procedure.

the Utah Rules of Civil Procedure, Rice petitioned the district court for relief, asking for an order dismissing the Division's action. Rice's petition was premised on his interpretation of Utah Code Annotated section 63–46b–10(1) (1997), which requires "the [Division's] presiding officer [to] sign and issue an order" "[w]ithin a reasonable time after the hearing." The Division responded, first conceding that the trial court could, and should, require the issuance of the decision. However, the Division also argued that rule 65B(d) did not vest the trial court with authority to order the dismissal of the Division's action against Rice.

¶ 3 The trial court disagreed. After a January 16, 2003 hearing, the trial court found that the ALJ's inaction denied Rice his due process rights, prejudicing him, and ordered the Division to dismiss its action, without prejudice. After unsuccessfully seeking a stay, the Division dismissed its proceeding against Rice on April 10, 2003. The Division now appeals.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 4 The Division argues that the trial court erred in ordering the Division to dismiss its licensing action as a result of Rice's rule 65B petition. "[O]n ... appeal from a grant of extraordinary relief, the legal reasoning of the court granting the writ is reviewed for correctness." *V–1 Oil Co. v. Department of Envtl. Quality*, 939 P.2d 1192, 1195 (Utah 1997); *see also Renn v. Board of Pardons*, 904 P.2d 677, 683–85 (Utah 1995). Rule 65B denotes the scope of our review, stating: "Where the challenged proceedings are judicial in nature, the court's review shall not extend further than to determine whether the respondent has regularly pursued its authority." Utah R. Civ. P. 65B(d)(4).

## ANALYSIS [3]

■ ¶ 5 The Division argues that under rule 65B, the trial court's authority to grant relief is limited. We agree. Until the adoption of rule 65B, the relief sought by Rice

was traditionally identified as a request for mandamus relief. *See Renn v. Board of Pardons*, 904 P.2d 677, 682 (Utah 1995). Rule 65B abolished traditional writs, including writs of mandamus; however, we continue to be guided by established mandamus principles. *See Renn*, 904 P.2d at 682; *see also State v. Stirba*, 972 P.2d 918, 921 (Utah Ct.App.1998).

¶ 6 It is clear from the record that Rice sought mandamus-type relief in the trial court pursuant to rule 65B(d)(2)(B). Rule 65B allows a court, in its discretion, to

> grant the extraordinary relief of a writ in the nature of mandamus, compelling a lower court's[, an administrative agency's, or the agency's officers'] compliance, when the lower court[, administrative agency, or the agency's officers] ha[ve] ... "failed to perform an act required by law as a duty of office, trust or station."

*Stirba*, 972 P.2d at 920–21 (quoting Utah Rule of Civil Procedure 65B(d)(2)(B)). "The common law writ of mandamus was designed to compel a person to perform a legal duty incumbent on him by virtue of his office or as required by law." *Renn*, 904 P.2d at 682; *see also Garcia v. Jones*, 29 Utah 2d 409, 510 P.2d 1099, 1100 (1973) ("To be entitled to the issuance of the writ, petitioner had to prove that the [agency] had a clear statutory duty to perform certain acts and refused to do so.").

■ ¶ 7 "The writ was initially available to compel the performance of a nondiscretionary duty and to ' "compel action, when refused, in matters involving judgment and discretion, but not to direct the exercise of judgment or discretion in a particular way." ' " *Renn*, 904 P.2d at 682 (citations omitted). Consequently, relief under rule 65B(d)(2)(B) is limited. A party may request the trial court to "direct the exercise of discretionary action," but the writ is *not* available to "direct the exercise of judgment or discretion *in a particular way*." *Stirba*, 972

---

3. Because the Division concedes that mandamus relief is proper in this case, we do not analyze whether Rice's petition for extraordinary writ merited relief. Nor do we examine any of the specific steps usually addressed in cases involving the review of an extraordinary writ. *See, e.g., Osborne v. Adoption Ctr. of Choice*, 2003 UT 15, ¶¶ 23–24, 70 P.3d 58.

P.2d at 921 (quotations and citations omitted) (emphasis added).

¶ 8 Rice, through his petition, asked the trial court to enforce Utah Code Annotated section 63–46b–10(1) (1997), which requires that "[w]ithin a reasonable time after the hearing, ... the presiding officer shall sign and issue an order." Pursuant to section 63–46b–10(1), Rice argued that the Division had a clear duty to issue its decision in a reasonable time—a duty that it had failed to perform. Rice further argued that the delay had irreparably harmed him by preventing his access to employment in the securities industry. Consequently, Rice argued, and the trial court agreed, that dismissal was the appropriate remedy.[4]

¶ 9 Pursuant to section 63–46b–10(1), the Division is duty bound to issue a decision "within a reasonable time after the hearing," but section 63–46b–10(1) does not direct the outcome of the decision. Therefore, the Division has a duty to issue its decision, and Rice, pursuant to rule 65B(d), has a right to seek an order directing the Division to comply with its duty, but not more. Rice exceeded the scope of rule 65B(d) when he requested relief that was clearly beyond the duty established by section 63–46b–10(1). The trial court erred in granting Rice the relief he requested. By ordering the Division to dismiss its action, the court "direct[ed] the exercise of judgment or discretion *in a particular way*." *Stirba*, 972 P.2d at 921 (quotations and citations omitted) (emphasis added). This clearly violates the limitations of rule 65B(d) and is outside the relief traditionally available through a writ of mandamus.

### CONCLUSION

¶ 10 The trial court properly concluded that the Division had failed to discharge its duty to issue a decision on Rice's pending disciplinary action. However, the court exceeded the bounds of its rule 65B authority in ordering the Division to dismiss its action against Rice. Instead, Rice's only remedy pursuant to rule 65B, was, and is, the issuance of an order directing the Division to issue its overdue decision, forthwith.[5] Accordingly, we reverse the trial court's order directing the Division to dismiss its action against Rice, and remand instructing the trial court to enter an order directing the Division to immediately issue its order.

¶ 11 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and RUSSELL W. BENCH, Associate Presiding Judge.

---

4. Rice presents a small number of cases, including federal cases, in an attempt to support his argument that dismissal is an appropriate remedy in a mandamus action. *See, e.g., Dabone v. Thornburgh,* 734 F.Supp. 195 (E.D.Pa.1990); *Galvez v. Howerton,* 503 F.Supp. 35 (C.D.Cal. 1980). However, these cases do not, in fact, support his position. *See, e.g., Smith v. Eighth Judicial Dist. Court,* 113 Nev. 1343, 950 P.2d 280, 283 (1997) (per curiam) (granting mandamus and ordering the trial court to reconsider the petitioner's motion to dismiss under "the proper standard of law"); *In re Collom & Carney Clinic Ass'n,* 62 S.W.3d 924, 927–28 (Tex.App.

2001) (granting mandamus and ordering dismissal after concluding that the trial court had failed to perform its ministerial *duty to dismiss as directed by statute* ). Accordingly, we do not find any of the cases proffered by Rice persuasive.

5. Moreover, any claims Rice raised concerning possible harm and due process violations were not properly included in his petition for relief under rule 65B. They might, instead, be raised in a separate action or, possibly, in a direct appeal from the agency's order.